# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

Veronica Powers,

               Plaintiff,

                         Case No. 1:24-cv-4009-MLB

v.

Wal-Mart Stores East, LP,
Wal-Mart Stores, Inc., and
Vanelc Technology, Inc.,

               Defendants.

_____/

## OPINION & ORDER

Plaintiff brings suit against Defendants Wal-Mart Stores East, LP, Walmart, Inc. (formerly Wal-Mart Stores, Inc.) (collectively "Walmart"), and Vanelc Technology, Inc. for injuries she allegedly sustained while using a walker purchased on Walmart's website. (Dkt 1-1.) Walmart filed a Motion for Summary Judgment. (Dkt. 15.) The Court grants that motion.

## I.    Local Rule 56.1(B)

In this district, whenever a movant provides a statement of material facts in support of summary judgment, the Court deems the

movant's facts admitted by the respondent unless the respondent files a response that "(i) directly refutes the movant's fact with concise responses supported by specific citations to evidence . . . ; (ii) states a valid objection to the admissibility of the movant's fact; or (iii) points out that the movant's citation does not support the movant's fact," is immaterial, or is otherwise noncompliant with Rule 56.1. LR 56.1(B)(2)(a)(2), NDGa. When done, the response must include "individually numbered, concise, nonargumentative responses corresponding to each of the movant's numbered undisputed material facts." LR 56.1(B)(2)(a)(1), NDGa. And should the respondent desire to include additional evidence, respondent must file "a statement of additional facts" in accordance with this rule. LR 56.1(B)(2)(b), NDGa. Compliance with this Local Rule is "the only permissible way for [a respondent] to establish a genuine issue of material fact" at summary judgment. *Reese v. Herbert*, 527 F.3d 1253, 1268 (11th Cir. 2008).

Walmart contends Plaintiff failed to comply with Local Rule 56.1(B). (Dkt. 19 at 1.) The Court agrees. Plaintiff never filed a response to Walmart's statement of undisputed facts. Instead, Plaintiff submitted a document entitled "Statement of Facts" (Dkt. 18-1) in conjunction with

2

her response in opposition to Walmart's motion. (Dkt. 18.) That violates the Local Rule. While the Court must liberally construe pro se filings, parties proceeding pro se must "nevertheless . . . conform to procedural rules." *Albra v. Advan, Inc.* 490 F.3d 826, 829 (11th Cir. 2007). Here, even if Plaintiff's "Statement of Facts" could somehow be construed as a response to Walmart's statement of undisputed facts, Plaintiff's pleading does not comply with Local Rule 56.1. Plaintiff's "Statement of Facts" is not "numbered separately and supported by a citation of evidence proving such fact[,]" as the Local Rule requires. And it is not just an issue of formatting. She does not engage, in any meaningful way, with Walmart's statement of facts other than to label one of its assertions "false" with no further explanation. Instead, Plaintiff makes three factual assertions (again without citation), claims she "will provide evidence" of warranties at trial, and conclusorily alleges summary judgment is improper. (Dkt. 18-1 at 1.) That is not enough to comply with the letter or spirit of Local Rule 56.1.

So the Court declines to consider Plaintiff's "Statement of Facts" as a response to Walmart's statement of material facts and, instead, deems Walmart's factual assertions admitted. For the same reason, the Court

does not consider Plaintiff's "Statement of Facts" as a "statement of additional facts which [Plaintiff] contends are material and present a genuine issue for trial." LR 56.1(B)(2)(b), NDGa. Having deemed Walmart's facts admitted, the Court must still review Walmart's citations to confirm no genuine issue of material fact exists and, if so, determine whether Walmart is entitled to judgment as a matter of law. *Reese*, 527 F.3d at 1269 (Local Rule 56.1 deeming order still requires district court to determine whether dispute of material fact remains); *Mann v. Taser Intern., Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009) (even when party fails to contest factual assertions pursuant to Local Rule 56.1 or otherwise opposed summary judgment, movant still bears burden of showing lack of material factual dispute and entitlement to summary judgment as a matter of law).

## II.  Background

On February 18, 2021, Plaintiff purchased a walker from Walmart's online "shopping platform." (Dkt. 15-3 ¶¶ 1-2.) Though Plaintiff utilized Walmart's website to purchase the walker, Plaintiff purchased the walker from Vanelc Technology. (*Id.* ¶ 2.) On or about February 10, 2022, Plaintiff fell while using the walker, sustaining injuries. (*Id.* ¶ 3;

Dkt. 1-1 at 6-7).  Plaintiff alleges she also incurred expenses from the medical attention she received for her injuries.  (Dkt. 1-1 at 7.)

Plaintiff sued Walmart in state court, and Walmart removed based on diversity jurisdiction.  (Dkts. 1; 1-1.)  Walmart filed its motion for summary judgment (Dkt. 15), and the parties fully briefed the motion (Dkts. 18; 19).

## III.  Standard of Review

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  The party moving for summary judgment bears the initial burden of showing a court, by reference to materials in the record, that there is no genuine dispute as to any material fact. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004).  The nonmoving party then has the burden of showing summary judgment is improper by coming forward with "specific facts" demonstrating a genuine dispute. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Ultimately, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for

trial." *Salinero v. Johnson & Johnson*, 995 F.3d 959, 964 (11th Cir. 2021).

## IV. Discussion

The Court first addresses Plaintiff's claims. They are, at best, hard to make out: Count I states no claim against any defendant; Count II appears to bring include claims of both negligent design and failure to warn; Count III brings claims for breaches of express and implied warranties; and Count IV appears to assert strict liability. Walmart characterizes Plaintiff's claims as claims of negligent design and manufacturing, "strict liability", breach of duty to warn, and breach of warranty. (Dkt. 15-2 at 9, 11-12.) Plaintiff does not contest Walmart's characterization of her claims in her response brief. Because Walmart offers a colorable summarization of Plaintiff's claims, the Court considers those claims the proper subject of Walmart's motion.

Walmart argues, in large part, that it is entitled to summary judgment because Plaintiff admits no defect existed in the walker. (*Id.* at 7.) Moreover, Walmart also claims it is not liable because it is an "innocent retailer" rather than a "manufacturer" of the walker. (*Id.* at 9.) Plaintiff contends "[t]here remains several genuine issues to material

facts . . . and as such these issues must be submitted on trial." (Dkt. 18 at 1.)

### A.    Negligent Design and Manufacturing

"Regardless of whether [a] plaintiff proceeds under a theory of strict liability or negligence, the essence of a product liability claim is the presence of an actual defect in the product." *Sheats v. Kroger Co.*, 336 Ga. App. 307, 311 (2016).  In order to prevail on a product liability claim, a plaintiff must prove "there was a defect in the product *when it left the manufacturer*, the defect was caused by the manufacturer's negligence, and the defect caused her injury." *Id.*

Here, Plaintiff fails to satisfy the essential element of a product liability claim.  Plaintiff has admitted Walmart's iteration of facts, which includes that Plaintiff "has no evidence of any defect in the subject walker." (Dkt. 15-3 ¶ 4.)  Absent a genuine issue of material fact as the existence of any defect, the Court grants Walmart summary judgment on Plaintiff's negligent design and manufacturing claims.

### B.    Strict Liability

Under Georgia law, "strict liability applies only to the 'manufacturer of any personal property sold as new property,' and not to

a 'product seller.'" *Farmex Inc. v. Wainwright*, 269 Ga. 548, 549 (1998). A successor corporation can be held liable, however, "if it is a mere continuation of the predecessor corporation which actually manufactured the product." *Id.*

Here, Plaintiff admits "Walmart did not manufacture, design, assemble, or sell the subject walker[.]" (Dkts. 15-3 ¶ 5; 15-1 at 18; FED. R. CIV. P. 36(a)(3)). Plaintiff does not otherwise allege that Walmart is a "mere continuation of the predecessor corporation which actually manufactured the product" such that Walmart should be found strictly liable. *Farmex*, 269 Ga. at 549. The Court thus grants summary judgment for Walmart on Plaintiff's defective design claim based on strict liability.

## C.    Breach of Duty to Warn

A distributor or seller of a product may be liable for negligent failure to warn if it had "actual or constructive knowledge that its product created a danger for the consumer." *Bishop v. Farhat*, 227 Ga. App. 201, 206 (1997). A seller "is required to warn if [it] has knowledge, or by the application reasonable, developed human skill and foresight[,] should have knowledge of the danger." *Id.* Additionally, "Georgia law imposes

8

no duty on a manufacturer to warn of a danger associated with the use of its product if that danger is open and obvious." *Pillsbury Co., Inc. v. West Carrollton Parchment Co., Inc.,* 210 Fed. Appx. 915, 920 (11th Cir. 2006).

First, as discussed above, Plaintiff offers no evidence from which a jury could conclude the walker was defective. (Dkt. 15-3 ¶ 4.) Walmart thus could not have failed to warn about any such defect. Even if there was a defect in the walker, Walmart must have had actual or constructive knowledge that the defect created a danger for Plaintiff. Plaintiff fails to allege in the complaint, or in any other briefing, that Walmart knew a defect would endanger Plaintiff. Furthermore, Plaintiff admits that any dangers of the subject walker were "open and obvious." (*Id.* ¶ 6.) Plaintiff's failure to warn claim fails because there is no genuine issue of material fact, and the Court grants summary judgment for Walmart.

### D.    Breach of Warranty

Plaintiff alleges breaches of express warranty, implied warranty of merchantability, and implied warranty of fitness in her Complaint. (Dkt. 1-1 at 8.) Walmart moves for summary judgment on all three.

### 1.   Express Warranty

Pursuant to O.C.G.A. § 11-2-313, an express warranty is created in three situations: (1) where a seller makes an "affirmation of fact or promise . . . which relates to the goods and becomes part of the basis of the bargain"; (2) where a seller uses a "description of the goods which is made part of the basis of the bargain"; or (3) where a seller uses a "sample or model which is made part of the basis of the bargain[.]" O.C.G.A. § 11-2-313(1). In its statement of undisputed facts, Walmart states, and Plaintiff admits, that Walmart "gave Plaintiff no warranties and made no representations to Plaintiff that the walker was safe to use[.]" (Dkt. 15-3 ¶ 6.) While Plaintiff initially alleged Walmart marketed the walker with a certain description regarding its capabilities (Dkt. 1-1 at 6), she has admitted Walmart's statement of undisputed facts, thus failing to show a genuine issue of material fact from which a jury could conclude Walmart made any affirmation of fact or promise. Plaintiff also does not allege Walmart used a sample or model of the walker, nor could she, as the parties do not dispute that Plaintiff purchased the walker online. (Dkt. 15-3 ¶ 2.) The Court grants Walmart summary judgment on Plaintiff's claim for breach of express warranty.

## 2.    Implied Warranty of Merchantability

To prove an implied warranty of merchantability claim under Georgia law, "a plaintiff must show four elements: (1) that the goods were subject to the warranty; (2) that the goods were defective; (3) that the injury was caused by the defective goods; and (4) that damages were incurred as a result." *Mitchell v. BBB Services Co., Inc.*, 261 Ga. App. 240, 242 (2003). To succeed on a motion for summary judgment for a claim for implied warranty of merchantability, a defendant need only show "the absence of evidence as to at least one element of the breach of the implied warranty claim." *Rivers v. H.S. Beauty Queen, Inc.*, 306 Ga. App. 866, 867 (2010).

Here, Plaintiff admits, and therefore the parties agree, Plaintiff has no evidence of a defect in the walker. (Dkt. 15-3 ¶ 4.) Plaintiff cannot satisfy a requisite element for her implied warranty of merchantability claim, and Walmart has shown the absence of evidence as to one element of the claim. The Court grants summary judgment for Walmart on Plaintiff's implied warranty of merchantability claim.

### 3.    Implied Warranty of Fitness

"If 'the seller at the time of contracting has reason to know any particular purpose for which the goods are required that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods,'" an implied warranty of fitness is established. *Rivers*, 306 Ga. App. at 869. A good is used for a particular purpose when the buyer uses it in a manner "peculiar to the nature of his business[.]" *Id.* (quoting U.C.C. § 2-315). On the other hand, a buyer uses a good for its "ordinary purpose" when the good is used in its customary, anticipated way. *See id.*

Plaintiff admits that while she purchased the walker on Walmart's online shopping platform, Plaintiff did not purchase the subject walker *from* Walmart. (Dkt. 15-3 ¶¶ 2, 7.) It follows that Walmart was not the seller of the walker, such that an implied warranty of fitness could have been established between Walmart and Plaintiff. In addition, Plaintiff and Walmart do not dispute that Walmart "made no representations to Plaintiff" regarding the walker. (*Id.* ¶ 6.) Plaintiff does not otherwise allege she relied on Walmart's skill or judgment in selecting the walker. Because there is no genuine issue of fact as to Plaintiff's breach of implied

warranty of fitness claim, the Court grants summary judgment for Walmart.

## V.      Conclusion

The Court **GRANTS** Defendants Wal-Mart Stores East, LP and Wal-Mart Stores, Inc.'s Motion for Summary Judgment (Dkt. 15).

**SO ORDERED** this 22nd day of January, 2026.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE